IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:19cr270

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CONSENT ORDER AND |
| v. | ) JUDGMENT OF FORFEITURE |
| | ) |
| (1) DAYTON LOUIS KOLCZAK | ) |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 USC § 981(a)(1)(C), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

    - **Five mobile telephones, three printers, two laptop computers, an embossing machine, a laminator, and any other device used in the fraud scheme and seized from Defendants;**
    - **Approximately $1,386.00 in U.S. Currency seized from Defendants; and**
    - **A forfeiture money judgment in the amount of $89,847.24, such amount constituting the proceeds of the offense to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of involved in property as defined in 18 U.S.C. § 982 and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied.**

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation

5. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

7. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and/or substitute property, and are therefore subject to forfeiture pursuant to 18 USC § 981(a)(1)(C), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
MICHAEL E. SAVAGE
Assistant United States Attorney

_____
DAYTON LOUIS KOLCZAK
Defendant

_____
JEREMY B. SMITH, ESQ.
Attorney for Defendant

Signed this the 24th day of June, 2020.

_____
UNITED STATES  District  JUDGE